In The UNITED STATES DISTRICT COURT
FOR SOUTHERN WEST VIRGINIA
HUNTINGTON, W.V. DIVISION

Toshona D Smith

√.

FILED

NOV 2 0 2017

TED J. PHILYAW, ACTING CLERK
U.S. District Court
Southern District of West Virginia

Employees who had
dealings with her case
and situation including
City of Huntington
STATE OF WEST VIRGINIA
CABEL COUNTY Commission
Federal Branches and any and
all intitutues that were involved
with those departments.

3:17-cv-4421

Motion to Stop Third Party
Anti Harassment and Proceed
Without Prepayment of Fees
and costs

Mrs. Smith previously put in a
motion to stop harassment without
Counsel due to her inability to retain

One In Set Time. The action was reffered to the Honorable Cheryl A Eifert, United States Magistrate Judge, for submission to this court of proposed findings and fact and recommendations for disposition, pursuant to 28 USC 636(b)(1)(4). The Magistrate Judge has denied Plantiff's application to proceed without prepayment of fees and costs for failure to state a claim. Mrs Smith's deadline by order of October 20 2017 was stayed until October 31 2017 to allow Plaintiff to either retain counsel or file objections. Mrs Smith has been direly sick with an internal external abscess infection running along her central nervous system and ears. It has been causing extreme vertigo, panic attacks, dizziness, seizures, and so on. In the 11 day time frame that Mrs Smith had to retain counsel she did find an attorney who is liscensed in West Virginia and Kentucky named Paula L Harbour and is located at 531 6th Ave Huntington W.V. 25708 Mrs Smith learned on Wednesday 10/25 that Mrs Paula L Harbour was not going to be able to

handle her case due to her not being specialized in the area she feels it is. Mrs. Smith strongly feels that a third party was notified of her intentions to hire her and spoke with Mrs. Harbour prior to Her visit on the 26th of October. Mrs. Smith has had contact with the state bar on several occasions due to legal malpractice, maltreatment, and ineffective counsel on several occasions which has left Mrs. Smith in the State she is in now currently not properly represented, disabled, & suffering tremendously at the hands of third parties. There was some legal negligence and failure for attorneys to perform duties on one person for benefit of other and is the reason why Mrs. Smith has had such a hard time finding and keeping an attorney on the case, and the harassment and torment has went on so long. Mrs. Smith defines the federal statute providing for a civil action to restrain harassment which is a course of conduct directed at a specific person

that causes substantial emotional distress in such persons and serves no legitimate purpose 18 USCA 1514 (c)(1) Term is used in a variety of legal context to describe words, gestures and actions which tend to annoy alarm and abuse verbally another person, the use of obscene or profane language, the natural consequence of which is to abuse the hearer or reader. It is unlawful harassment under the Federal Fair Debt Collection Practices Act 15 USCA 1692 (d)(2) A person commits a petty misdemeanor if with the purpose of harassment another
1) makes a telephone call without purpose of legitimate communication

2) insults taunts or challenges another in the manner likely to provoke violent or disorderly response

3) makes repeated communications annonimously or at extremely inconvenient hours or in offensively coarse language.

4) subjects another to offensive

touching 5) engages in any other
course of alarming conduct serving
no legitimate purpose of the actor.
Model Penal Code. The federal Fair
debt collectors act prohibits debt
collectors froms using such tactics
to harass as threats, abusabe
language, or telephone access 15
USCA 1692 et seq.

I am submitting some documentation
of agencies that have assisted in the
past but were intercepted during the
investigative process due to the the third
party interference. Others that can be
contacted with information to support
claim would be legal aide, branches
domestic violence shelter, DHHR, Huntington
Housing Authority, City of Huntington,
Human Rights Commission WV State and DC
locations. EEOC in Pensylvania, Link,
Marshall University after my breakdown
from harassment and will submit
medical records upon request. Have been
treated now for over 15 yrs. and just
now finding effective treatment to
at least palliate symptoms. I am
resubmitting this claim because

because it has caused me a great deal
of loss, pain, injury, humiliation,
legal and medical malice + malpractice.

Tashana Smith



May 8, 2017

Tashema Smith
Western Regional Jail
One OHanlon Place
Barboursville, WV 25504

Re: Documents

Dear Ms. Smith

Thank you for contacting Disability Rights of West Virginia (DRWV), the federally mandated protection and advocacy system for people with disabilities in West Virginia.

As we discussed during our telephone conversation, I am enclosing the following:

- Documents you previously supplied to DRWV.
- ~~Prestera Center Safe Quarters~~ contact information

It was a pleasure talking with you. If you need any more assistance with another issue please contact DRWV and an advocate will complete an intake with you.

Sincerely,

*Carla Jones*

Carla Jones
Advocate

Enclosures

**Removing Barriers to Opportunity and Equality**

*Disability Rights of West Virginia* ⬥ 1207 Quarrier St Ste 400 ⬥ Charleston, WV 25301
800.950.5250 ⬥ 304.346.0847 ⬥ contact@drofwv.org

I am currently an inmate at Lakins Correctional Center. I was sentenced in September of 2011 on two attempt to commit felonies. I did not admit guilt but took a plea in exchange to be released that day on probation. The entire time I was on probation I was in compliance with my P.O.. He stated that he wanted to put in a recommendation for me to be taken off probation in Sept. At our yearly status hearing, seeing as how I maintained to stay out of trouble, was an active client at Prestera, maintained my own apt, participated in community services and so on. I am a victim of violence and suffer from personality disorder, bipolar disorder, and severe depression. Over the years I've been in some very abusive relationships and have experienced very unpleasant situations and injustices. Upon comming to jail I had several civil and criminal complaints on file and docketed that have been overlooked and continue to my condition. Upon being arrested on Aug. 24, 2012 I had a civil hearing at the Cabell Co Courthouse that didn't go as the plantiff wished. About an hour

later I was picked up on a fabricated warrant +
charge that later disappeared but contributed
to my being incarcerated. I agreed to not
have my trial and stipulate to one violation
in exchange for an alternative Sentencing.
While awaiting a bed at Pinecrest Rehabilitation
in the Western Regional Jail a racial conflict
ensued during the time Mike Clerk +
Lt Aldridge ran the jail and somehow my
original Sentence was reinstated without
my being present at the hearing. I have
paperwork from my atty Stating that
I did recieve alternative Sentencing in an agreement
not to stand trial as I was sick and not able
to stand trial anyways but If I were to go to
trial could of cleared me of the violation,
I was moved to Tygart Valley on Dec 21st
3 days after talking with Lt Aldridge
about him not being sued due to the
type of medical and inhumane treatment
I was receiving. As of today I have an
abscess on my right ear that has grown back
up under the scar tissue I have that was left
from the surgery due to IV antibiotics not
being administered. Before I was moved to
Lakin from Tygart Valley I had three different

bacterias present in my ear. All three bacteries need multiple intravenous antibiotics to rid my body of the infection. I never received any of the IV antibiotics instead I've been given antibiotics that are usually administered to individuals with little or no bacteria present which means the reason why I'm still in pain my head spins occasionally and I'm having dizzy spells is because from August when I went to have surgery until now April of 2014 they've never administered the medicine. Something about it being cost efficient. I've lost my spot in RSAT due to complications. I was suffering from dizzy spells, and up most of the night which is why I received a lot of LE's. ~~The doctor wouldn't give me layoffs~~ or excuse those although infection in and around my ear canal confirmed the cause of vertigo. I was placed in seg three weeks later after my roomate witnessed me in pain and went through my legal paperwork without my permission. I went to segregation and she had her classification and job assignment switched. I'm currently in seg with little to no medical treatment and

and everyone basically viewed my paperwork while I was here. Im recieving write ups for things other inmates are getting verbal warnings for. All of this occurred after they went through my legal paperwork after Leaving RSAT and recieving a letter from the medical board

I've mailed you a brief summary of what my life has been like trying to get justice and treatment for issues I feel the injustices contributed to. I also feel that the reason they want to keep me in this shape and condition is so that I am unable to correct what has been done to me. Since being incarcerated in August of 2012 my civil complaints with the city of Huntington and the State of WV have not been located yet. Which brings me to the conclusion that was the reason for me being incarcerated and left in this condition in the first place.

My paperwork has been tampered with and I don't have all my sick calls I can sign a release of information if you request it.

Barbara Thomas
RH Box 134-A
Burlington W.V.  26710

P) Pam Carpenter
32 Straight Rd
Craigsville W.V. 26205

I ♡ U! o

If you would like I can sign
a release of information requesting my
medical records to you. You will have
to send in a paper for me to sign.
It should be addressed to Ryour Core Medical
and Mental Health. Their office is
located in Pennsylvania and they
dispatch workers out to facilities
like this. I did as you told me and filed
grievance after grievance in the end
I wound up in lockdown trying to
recieve effective treatment.

Case 8:17-cv-04421 Document 1 Filed 11/20/17 Page 15 of 63 PageID #:75

# Young mother died from brain abscess after doctor diagnosed her with minor ear infection

## Zoe Adams died from a brain abscess six weeks after doctors told her she had a mild ear infection and prescribed her antibiotics, an inquest has heard

Zoe Adams had complained of head pain plus discharge and discomfort from her left ear Photo: Cavendish Press

By Agencies

10:32AM BST 08 Apr 2014

A young mother died from a brain abscess six weeks after she was sent home with antibiotics by her doctor who told her she had a minor ear infection, an inquest heard.

Zoe Adams, 28, complained of head pain plus discharge and discomfort from her left ear but her GP and other doctors said the symptoms were consistent with a "relatively minor" infection.

She was eventually admitted to hospital when her condition deteriorated and she died the following day.

Doctors discovered the mother-of-three had developed a middle ear infection which had led to a large abscess with a 4cm diameter which had developed on the left side of her brain.

They said the chances of an ear infection turning to such a tragedy was one-in-4,000.

The hearing was told the tragedy began on February 12 last year after Miss Adams, from Rusholme, Manchester went to see her GP Dr Praful Patel complaining of pains in her ear.

The doctor examined her ear including the bone structure but thought the symptoms pointed to an outer ear infection. He prescribed her with antibiotics and asked her to come back in three weeks if she did not get any better.

On March 1 Miss Adams called a triage nurse working for the Out-of-Hours Go To Doc service saying her ear was "very painful" and was "nine out of ten" on the pain scale.

She was referred to a doctor at an out-of-hours surgery based at Wythenshawe Hospital who thought it was an infection of the middle ear but prescribed antibiotics and advised her to come back in a few days if the pain persisted or became worse.

On March 16, Miss Adams spoke to another out-of-hours nurse complaining of headache and earache and four days later she was admitted to hospital.

The Manchester hearing was told after her admission, she did not display signs of illness, such as high temperature or changed mental state, that could have prompted doctors to send her for a brain scan that might have discovered the abscess.

Although she was seen to be very distant the night before she died, that was put down to the pressures of coping with young children.

She last seen alive going to the lavatory at around 4am after being kept in hospital overnight. She died on the ward later that day.

Consultant ear, nose and throat surgeon, Andrew Camilleri, who carried out an investigation for the hospital into Zoe's death, told the inquest that there was around a one-in-4,000 chance of an ear infection leading to a brain abscess.

He said he was satisfied the hospital had taken all the steps possible to treat Miss Adams and said by looking at her, no one would have suspected she had a brain abscess.

Recording a verdict of death by natural causes, Coroner Nigel Meadows said the diagnosis of a "relatively minor" ear infection by Dr Patel had been "completely appropriate".

Mr Meadows said the out-of-hours service had taken a sensibly cautious approach to Miss Adams condition and he thought they could not have done anymore to prevent her death.

Mr Meadows said Miss Adams did not display any normal signs of somebody with a cerebral abscess and added: "Zoe has just been extremely unlucky to contract this infection and to have a robust constitution."

He added: "There was no evidence that her condition justified a CT scan. It would be unrealistic to expect that the hospital perform a CT scan on everybody who has an ear infection.

"Even if she was given an emergency CT scan the night she died then there is also no evidence to suggest she would have been able to be saved.

"It is a very unfortunate series of events. The vast majority of people who have ear infections don't have a cerebral abscess. She has been extremely unlucky to contract this infection."

Speaking afterwards, Zoe's mother Michelle Holt, said she accepted the verdict, adding: "It's been a very, very hard time. My daughter was like me and had a very strong pain threshold."

© Copyright of Telegraph Media Group Limited 2015

⊡ **Healthline**   Topics & Tools ⌄

How can we help you?        Search

Healthline → Reference Library → Spinal Cord Abscess

# Spinal Cord Abscess

Written by Lydia Krause
Medically Reviewed by George Krucik, MD

_____

‹   Overview   Risk Factors   Causes   Symptoms   Diagnosis   Treatment   Complications   ›

Part 1 of 8: Overview

## What Is Spinal Cord Abscess?

Advertisement

Spinal cord abscess (SCA) is a rare condition capable of causing permanent damage to the spinal cord. Abscesses are caused when injured tissue becomes infected. The body's immune system sends white blood cells to help fight off the infection. They begin to fill the damaged tissue, causing pus to build up. Pus is made up of the dying tissue, immune cells, dead cells, and bacteria.

The cause of SCA is generally due to the introduction of bacteria into the spinal cord. Once inside the body, it is able to find a place to live and grow. The pressure of the abscess on the spinal cord will sometimes cause neurological problems, such as lower-body paralysis and loss of sensation below the area of the abscess.

Advertisement

Doctors will try to find the presence of an infection by testing body fluids. They may also look at an image of the abscess. Once the diagnosis is confirmed, they will have to either drain or remove the abscess. Patients will generally receive antibiotics to take after they leave to avoid getting an infection.

Since antibiotics have come into common medical use, SCA has become extremely rare. In fact, fewer than 100 cases have been reported in modern medical history (Oskouian, 2012).

Part 2 of 8: Risk Factors

## Risk Factors For Developing Spinal Cord Abscess

Risk factors include:

- long-term use of anticoagulant agents (blood thinners)
- a weakened immune system (easier for bacteria to enter and infect the body)
- Crohn's disease (an inflammation of the bowel, lesions from the disease may burst, releasing bacteria)
- ruptured gallbladder (bacteria from gallbladder may start an infection)

Part 3 of 8: Causes

## Causes of Spinal Cord Abscess

Spinal cord abscesses are generally caused by the introduction of bacteria into the spinal cord area. The most common bacteria to cause abscesses to develop in the spinal cord are from the *Staphylococcus* and *Streptococcus* species.

### Trauma

In the case of trauma, a foreign object (bullet, knife in a stabbing, etc.) enters the spinal area and leaves bacteria behind.

### Dermal Sinus

During development in the womb, there isn't a complete separation between skin and the spinal canal. This could be a potential entrance for bacteria to the central nervous system (CNS).

### Boils

Boils on the skin, especially on the back or scalp, can lead to spinal cord abscesses.

### Septicemia

This is an infection of the blood that can be caused by infection anywhere in the body. It can also spread to the CNS, leading to the development of spinal cord abscess.

Part 4 of 8: Symptoms

# Recognizing the Symptoms of Spinal Cord Abscess

At first, SCA may have no symptoms. Infection or enlargement of the abscess will begin to affect the spine's abilities. Pain or neurological symptoms may also develop.

Symptoms of SCA may include:

- sudden onset of pain
- sharp pain that can radiate to arms or legs
- rapid progressive weakness
- parasthesia (numbness, tingling of the skin)
- fever

Part 5 of 8: Diagnosis

# Diagnosis of Spinal Cord Abscess

The symptoms of SCA are often vague and can indicate many diseases. Doctors may start with a blood test to get an idea of the problem.

### Blood Tests

- complete blood count (CBC): looks at different blood cell types to see changes indicating presence of infection
- erythrocyte sedimentation rate (ESR): elevated rates point to infection
- C-reactive protein: elevated levels point to infection

### Additional Testing

Doctors may use these tests if the symptoms indicate a possible issue with the spinal cord:

- computed tomography (CT) scan of the spinal cord
- magnetic resonance imaging (MRI) of the spine cord
- lumbar puncture (spinal tap): removes a sample of cerebrospinal fluid (CSF) and tests for infection

Part 6 of 8: Treatment

# Treatment of Spinal Cord Abscess

Quick recognition of SCA is important in effectively treatment. Left alone, the abscess could burst, letting millions of bacteria spread throughout the body.

Once the problem is identified, treatment for SCA can include:

### Laminectomy

The patient is put under anesthesia before the surgery. Surgeons open the abscess carefully and drain all the fluid. They then rinse sanitary saline fluid through the abscess to assure all bacteria are gone.

### Intraoperative Pus Collection

During this procedure, fluid is collected from the abscess for testing.

### Closure of Dermal Sinus

Doctors who find a dermal sinus will typically close the gap. The hope is there will be one less place for bacteria to gather and form an infection.

Part 7 of 8: Complications

# Complications of Spinal Cord Abscess

The most dangerous complication of a SCA is infection. Before the use of antibiotics, the rate of mortality was high from the development of infections (Barbarawi et al., 2009). Since the advent of antibiotics and modern surgical techniques, there have been fewer than 100 reported cases of spinal cord abscesses(Oskouian, 2012).

Neurological complications caused by the presence of SCA may remain for weeks to years.

Antibiotic treatment for infection includes intravenous vancomycin (effective for cases of *Staphylococcus aureus*) and intravenous ceftriaxone (effective for cases of *Staphylococcus milleri*).

Neurorehabilitation may be needed for those experiencing difficulty walking and leg weakness.

Other complications present may include dysuria (difficult or painful urination) and stress incontinence (difficulties controlling urination under stress).

Part 8 of 8: Outlook

# Outlook for a Patient With Spinal Cord Abscess

The earlier a spinal cord abscess is treated, the more positive the outlook. Patients who have a leaking abscess are unleashing bacteria into the bloodstream. They could end up with abscesses on the brain or liver.

Spinal Cord Abscess: Risk Factors, Causes & Symptoms

Patients who get treatment after the start of neurological symptoms generally will need a form of rehabilitation. The hope is that over time the neurological symptoms will get better or disappear.

| Was this article helpful? | Yes | No | Feedback? | |
|---|---|---|---|---|

Show Sources ▼

## Trending Now

### How to Evaluate Your Multiple Sclerosis Treatment Plan



Every multiple sclerosis (MS) patient is different, and no single treatment plan works for everyone. Learn more about what to consider when evaluating your MS treatment plan.

Read More »

### Migraine vs. Chronic Migraine: What Are the Differences?



There is not just one type of migraine. Chronic migraine is one subtype of migraine. Understand what sets these two conditions apart.

Read More »

### Timeline of an Anaphylactic Reaction



From first exposure to life-threatening complications, learn how quickly an allergy attack can escalate and why it can become life threatening.

Read More »

### Famous Athletes with Asthma



Asthma shouldn't be a barrier to staying active and fit. Learn about famous athletes who didn't let asthma stop them from achieving their goals.

Read More »

### Beyond Back Pain: 5 Warning Signs of Ankylosing Spondylitis



There are a number of potential causes of back pain, but one you might not know about is ankylosing spondylitis (AS). Find out five warning signs of AS in this slideshow.

Read More »

Advertisement

Healthline's mission is to make the people of the world healthier through the power of information. We do this by creating *quality* health information that is authoritative, approachable, and actionable.

Join more than **30 million** monthly visitors like you and let Healthline be your guide to better health.

## Sign Up for Health Tips

Get the latest health & wellness advice delivered straight to your inbox, and check out our other newsletters.

Site Map      About Healthline      Get in Touch

| Health Topics | Our Staff | Contact |
| Drugs A-Z | About Healthline.com | Careers |
| Health News | Advertising & Sponsorship Policy | Advertise With Us |
| Diabetes Mine | About Healthline Corp | Newsletter Sign-Up |

Enter your email address

Sign Up

Your privacy is important to us

Find us on: f  t  g+  p

Copyright © 2005 - 2015 Healthline Networks, Inc. All rights reserved for Healthline. Healthline is for informational purposes and should not be considered medical advice, diagnosis or treatment recommendations. Terms of Use | Privacy Policy



4·26·13

January 3, 2014

To:     WV Board of Medicine
        101 D Drive Suite 103
        Charleston, WV 25311

From:   Tashema Smith
        Lakin Correctional Center
        11264 Ohio River Road
        W. Columbia, WV  25287

RE:     Page #3 Complaint Questionnaire

Anesthetic to put me to sleep.  She was very rough and painful.  She left once and left the needle lying in an oval shaped dish with the contents dripping in the dish.  She came back picked the same dirty needle up and tried several more times to stick me before another nurse came and put the needle in correctly. As she was leaving she laughed and stated that whatever was running through the *IV was not antibiotics and that the Dr. didn't order any.  She also went on to say that I wasn't pregnant for whatever reason.  I wasn't there for being pregnant but actually to have the infected places on my ear removed.  I was continuously humiliated clear up until I was escorted back to the van that was to transport me back to Tygart Valley Regional jail.  When I got back to Tygart Valley Regional Jail, I was very sick and in pain.  Still the Dr. wanted me on oral antibiotics.  They ran a test on the bacteria that were still present in my ear due to improper treatment and three different bacteria's came back.  All super bugs from my ear being infected so long.  (Klebsiella Oxytoca, Entercoccus Facalis, and some form of Pseudomonas).  Still they would not give me or order them to give me the antibiotics (IV).  I wrote Dr. Armeni a letter and was moved to Lakin Correctional Facility where I signed a paper for the release of information.  It's January 2014 and my ear still has infection in it, it is being improperly treated and diagnosed.  I would like for you all to see why Dr. Armeni didn't give the proper diagnosis and the O.K. for me to have the IV antibiotics.  It would rid me of the infection, take away the pain and swelling and alleviate the disfigurement of my ear.  I feel that I have suffered enough.  He is the last Dr. who did surgery on my ear.  My records are available upon request and I just want proper treatment.  I also believe I've contracted Hep C due to the wound not being properly dressed or maybe something that occurred while in or doing my prep for surgery.  If you can assist please do so because I am incarcerated and at the mercy of the paid health care professionals who are licensed in this state.  Look forward to hearing back from you.

                                        Sincerely,


                                        Tashema Smith



# LEGAL AID
## OF WEST VIRGINIA

*Seeking Justice, Changing Lives*

STATEWIDE HEADQUARTERS
922 Quarrier St., 4th Fl.
Charleston, WV 25301
Ph: (304) 343-4481
(800) 642-8279
Fax: (304) 345-5934
Extension 2130
ckeeten@lawv.net

July 13, 2017

Ms. Tashema Smith
624 10th Street
Huntington, West Virginia 25701

Dear Ms. Smith:

You originally contacted our office regarding your Social Security case. When you called in, we were under the impression that you had received Social Security in the past and were cut off your monthly check. Legal Aid handles Social Security termination and overpayment cases because private lawyers don't normally take these types of cases because there are no fees involved.

When I spoke to you on the telephone this morning, you told me that you have never received disability before and you had just applied for it, but have not been denied yet. Unfortunately, Legal Aid does not take Social Security cases at the initial stages because we do not charge a fee and private lawyers take those types of cases because they can make money from them.

You can contact Chad Lovejoy at 1-877-262-3376 or The Redd Law Firm at 304-521-1593. You will not have to pay any money up front, but if the attorney wins your case, Social Security can give them a percent of your back pay. You can contact any attorney that handles Social Security cases, but the above is just a couple that are located in the Huntington area that handle Social Security cases.

It appears this concludes your case and I will consider this matter closed. I am no longer representing you and Legal Aid of West Virginia will take no further action on your behalf. If you have any questions or concerns, please do not hesitate to contact me. I am enclosing a Statement of Client Rights for your review as well.

Sincerely yours,

Cathy J. Estep
Administrative Law Paralegal

Enclosure as stated

APPEALS:

1.     If you are not satisfied with the response from the local LAWV Supervising Attorney about services provided to you, you may appeal that decision. This appeal can be made by telephone, in writing or in person. To start this part of the appeal process, call Legal Aid of West Virginia at 1-800-642-8279 (ext. 2314) and ask for the Legal Services Manager. You may also do this in writing, by sending a letter to the Legal Services Manager, Legal Aid of West Virginia, 922 Quarrier Street, 4th Floor, Charleston, West Virginia 25301.

2.     The Legal Services Manager of Legal Aid of West Virginia will contact you directly to consider your appeal about the services you received. You can have another person help you with this appeal and provide you with assistance explaining your concerns. After the review, if it is determined you were not served properly, LAWV will take steps to make sure you do receive appropriate help. The decision of the Legal Services Manager concerning your complaint will be sent to you in writing and will offer a complete explanation of the action taken.

3.     If you are not satisfied with the response from the Legal Services Manager to your appeal concerning services provided to you, you may request a further review. This review will be made by either the Executive Director or the Legal Director of Legal Aid of West Virginia, depending on the issues raised in your case. To request this review, please contact the Legal Director in writing at Legal Aid of West Virginia, ATTN: Legal Director, 922 Quarrier Street, 4th Floor, Charleston, West Virginia 25301. If you cannot contact the Legal Director in writing, you may call the Legal Aid of West Virginia Legal Services Manager at 1-800-642-8279.

4.     The review by the Executive Director or the Legal Director will include all of the information you have supplied, as well as the decisions about your complaint made by the LAWV Supervising Attorney and Legal Services Manager. If you wish to make a complaint about the decision of the Executive Director or Legal Director, you may contact the Grievance Committee of the Board of Directors. To do this, contact the Executive Director in writing at Legal Aid of West Virginia, ATTN: Executive Director, 922 Quarrier Street, 4th Floor, Charleston, West Virginia 25301. Your complaint will be referred to the Grievance Committee of the Legal Aid of West Virginia Board of Directors.

Updated July, 2015 Approved by EMT 8/2015



# STATEMENT OF APPLICANT/CLIENT GRIEVANCE RIGHTS
## (LEGAL UNIT)

<u>WHAT YOU SHOULD DO:</u>

If you believe your application for assistance from LAWV was wrongly turned down or you are not satisfied with services you received from Legal Aid of West Virginia (LAWV), you may make a complaint or request a review by the local Legal Aid of West Virginia Supervising Attorney, <u>Susana Duarte</u>. To request a review or make a complaint by telephone, call the local office at <u>(304) 343-4481</u>, and tell the person who answers the phone that you wish to make a complaint. If you would like, you may make your complaint in writing, by a letter which should be addressed to <u>Legal Aid of West Virginia 922 Quarrier Street, 4th Floor, Charleston, WV 25301</u>.

<u>WHAT WE WILL DO:</u>

1.  If your application for assistance was denied, your question or complaint will be reviewed by the local LAWV Supervising Attorney. The Supervising Attorney will make sure you are either offered appropriate help or that you are given a complete explanation of why Legal Aid cannot help you. The LAWV Legal Services Manager will review the decision of an LAWV Supervising Attorney. To request this review contact the Legal Services Manager at 1-800-642-8279 (ext 2314). The decision of the Legal Services Manager may be reviewed by the Legal Director or Executive Director. There is no further appeal of a denial of an application for services from the Legal Unit.

2.  Complaints or questions about services provided to you will be reviewed by the local LAWV Supervising Attorney. If your complaint involves services provided to you by the local Supervising Attorney, contact the Legal Services Manager for LAWV at 1-800-642- 8279 (ext 2314). After the review, you will receive a complete explanation of the situation. If we determine you were not served properly, LAWV will take steps to make sure you do receive appropriate help.

I Tashira Smith am a disabled victim of violence who is trying to receive benefits that I feel are overdue, Stop any and all harassment / Cyntrharassment of third party that at this time is unknown due to non-cooperation and the inability to get the attorneys or their firm to cooperate and confirm, stop, and punish if necessary the people or person responsible. I contacted the Lawyer Disiplinery Board to get them involved because my rights as a Citizen and defendant of the state has been majorly violated. I have been incarcerated numerous times to hinder civil matters that could restore and get my life back on track, even though this terrorism of a female victim of violence has gone on for over 15 yrs I still sit not properly represented to defend myself sick and disabled in a regional jail without proper medical treatment to alleviate the pain, suffering, and symptoms associated with my condition. I'm asking for all three attorney's to be ordered to correct and punish if neccessary any and all firms, people, agencies and the intities associated with them if need be so this matter will be taken care of and finally resolved with petitioners life back in order and free from harassment and continuous violence.



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Tanya Burdette
Western Regional Jail
One O'Hanion Place
Barboursville, WV· 25504
My Commission Expires August 10, 2021

Tashira Smith

Tanya Burdette
10-21-2017

(3) Tashena D Smith was not properly represented due to third party interference and as a result has suffered tremendously and is left disabled and without counsel.

(4) I feel the Supreme Court should review the issue because they are the Court with jurisdiction and they can end this heinous, destructive unnecessary cycle and woes that has Tashena Smith's life turned upside down even though she is a citizen and has rights that are protected under the Constitution of the United States

Was notified by the Supreme Court of Appeals that it was a matter that the Federal Courts actually has jurisdiction over

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Tanya Burdette
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25504
My Commission Expires August 10, 2021

Tanya Burdette
6-21-17

Tashena Smith

2) If unable to obtain necessary documents due to current legal situation, health, counsel, and third party interference

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Tanya Burdette
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25504
My Commission Expires August 10, 2021

Tanya Burdette
10-21-2017

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST, SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
www.wvodc.org

Chief Lawyer Disciplinary Counsel
  Rachael L. Fletcher Cipoletti
Senior Lawyer Disciplinary Counsel
  Andrea J. Hinerman

Lawyer Disciplinary Counsel
  Renée N. Frymyer
  Jessica H. Donahue Rhodes
  Joanne M. Vella Kirby

March 16, 2017

Ms. Tashema D. Smith #3508768
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25504

    **Re:**    **Complaint against an attorney**

Dear Ms. Smith:

    Please find enclosed three signature pages, **sign your name and have your signature notarized**, and return to our office. We cannot proceed with your complaints unless we get an original notarized signatures. Once we have received your *original notarized signature*s, your complaint will be reviewed.

    Thank you for your cooperation in this matter.

                Sincerely,

                Evelyn M. Stover
                Office Manager

\ems

Enclosure - As Stated

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

<table>
<tr><td>Chief Lawyer Disciplinary Counsel<br>Rachael L. Fletcher Cipoletti<br>Senior Lawyer Disciplinary Counsel<br>Andrea J. Hinerman</td><td>Lawyer Disciplinary Counsel<br>Renée N. Frymyer<br>Jessica H. Donahue Rhodes<br>Joanne M. Vella Kirby</td></tr>
</table>

March 31, 2017

Ms. Tashema D Smith-1  DOC # 3508768
Western Regional Jail
One O'Hanlon Place
Barboursville, West Virginia  25701

Re:     *Legal Ethics Complaint against William L. Redd, Esquire*
        *WV State Bar No. 3034*
        *I.D. No. 17-09-127*

Dear Ms. Smith:

This letter is to advise you that the complaint you filed against Respondent William L. Redd, Esquire, has been received and reviewed by this office.

Your complaint alleges that Mr. Redd represented you in a claim for Social Security benefits. Although somewhat vague, it appears that your complaint alleges that Mr. Redd was not successful in obtaining the relief you desired and that you would like Mr. Redd to act on your behalf to obtain the results you desire.

Although your dissatisfaction with Mr. Redd's representation is understandable, that dissatisfaction, by itself, does not equate to a violation of the Rules of Professional Conduct. Under Rule 2.1 of the West Virginia Rules of Professional Conduct, a lawyer is permitted to exercise independent professional judgment. This means that Mr. Redd can make decisions regarding legal strategy, such as which issues to raise and which motions to filed, based upon his knowledge of the law and other considerations. Reasonable decisions regarding legal strategy do not constitute a violation of the Rules of Professional Conduct.

Accordingly, it has been determined that your complaint against Mr. Redd does not constitute a violation of the Rules of Professional Conduct and this complaint will not

Tashema D. Smith
March 31, 2017
Page 2

However, if you disagree with the findings set forth by Disciplinary Counsel in this letter, please submit your written statement setting forth the reason for your objection and this matter will be presented at an upcoming meeting of the Investigative Panel of the Lawyer Disciplinary Board for review.

Please be aware that under Rule 2.6 of the Rules of Lawyer Disciplinary Procedure, the Office of Disciplinary Counsel may release information confirming the existence of a complaint. Pursuant to *Daily Gazette Co., Inc. v. Committee on Legal Ethics*, 174 W. Va. 359, 326 S.E.2d 705 (1985), all closed complaints, including this one, are placed in a file which is accessible to the public.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

cc:   William L. Redd, Esquire
      (enc.: copy of complaint)

OFFICE OF LAWYER DISCIPLINARY COUNSEL

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website:  www.wvodc.org

Chief Lawyer Disciplinary Counsel
  Rachael L. Fletcher Cipoletti
Senior Lawyer Disciplinary Counsel
  Andrea J. Hinerman

Lawyer Disciplinary Counsel
  Renée N. Frymyer
  Jessica H. Donahue Rhodes
  Joanne M. Vella Kirby

April 20, 2017

Ms. Tashema D. Smith #3508768
Western Regional Jail
1 O'Hanlon Place
Barboursville, WV 25504

Re:    *Complaint against Nicholas E. Mayo, Esquire*
       *I.D. No. 17-09-129*

Dear Ms. Smith:

I am in receipt of your recent correspondence, and I am treating the same as an objection to the dismissal pursuant to Rule 2.4(b)(1) of the Rules of Lawyer Disciplinary Procedure. This matter will be placed on the agenda of the May 20, 2017 meeting of the Investigative Panel of the Lawyer Disciplinary Board and will be reviewed by all members of the Panel. The Panel consists of both lawyer and non-lawyer members. You will be notified in writing of their decision. The documents filed with your complaint will also be available for the Investigative Panel to review. If you have any additional documents you wish to have considered, please provide them as soon as possible.

By copy of this letter I am notifying Respondent of the appeal. The Respondent may send a response if desired, but no further response is required at this time.

Sincerely,

*Joanne M. Vella Kirby*

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

cc:    Nicholas E. Mayo, Esquire  (enc.: copy of Complainant's letter)

STATE OF WEST VIRGINIA
## OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

May 03, 2017

Ms. Tashema D. Smith
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25704

**Re:**   *Complaint against Dwight J. Staples, Esquire*
*I.D. No. 17-09-128*

Dear Ms. Smith:

Please be advised that the Investigative Panel meeting that was set for May 20, 2017, has been rescheduled to May 30, 2017. Your appeal will be reviewed by the Panel at that time, and you will be notified in writing of the decision made thereon.

Sincerely,

*Joanne M. Vella Kirby*

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

cc:   Dwight J. Staples, Esquire  (enc.: copy of Complainant's letter)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

March 31, 2017

Ms. Tashema D. Smith  DOC # -1 #3508768
Western Regional Jail
One O'Hanlon Place
Barboursville, West Virginia  25701

> **Re:**  *Legal Ethics Complaint against Dwight J. Staples, Esquire*
> *WV State Bar No. 3566*
> *I.D. No. 17-09-128*

Dear Ms. Smith:

This letter is to advise you that the complaint you filed against Respondent Dwight J. Staples, Esquire, has been received and reviewed by this office.

You filed the instant complaint against Mr. Staples, in which you appear to allege that Mr. Staples has not represented you regarding issues resulting from your abusive relationship. Your complaint is far too vague and I am unable to discern what actions you believe Respondent has taken that amount to a violation of the Rules of Professional Conduct.

Accordingly, it has been determined that your complaint against Mr. Staples does not constitute a violation of the Rules of Professional Conduct and this complaint will not be docketed and will be closed without further action. Mr. Staples was not required to respond to this complaint.

However, if you disagree with the findings set forth by Disciplinary Counsel in this letter, please submit your written statement setting forth the reason for your objection and this matter will be presented at an upcoming meeting of the Investigative Panel of the Lawyer Disciplinary Board for review.

Tashema D. Smith
March 31, 2017
Page 2

Please be aware that under Rule 2.6 of the Rules of Lawyer Disciplinary Procedure, the Office of Disciplinary Counsel may release information confirming the existence of a complaint. Pursuant to *Daily Gazette Co., Inc. v. Committee on Legal Ethics*, 174 W. Va. 359, 326 S.E.2d 705 (1985), all closed complaints, including this one, are placed in a file which is accessible to the public.

Sincerely,

*Joanne M. Vella Kirby*

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

cc:     Dwight J. Staples, Esquire
        (enc.: copy of complaint)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

Chief Lawyer Disciplinary Counsel
Rachael L. Fletcher Cipoletti
Senior Lawyer Disciplinary Counsel
Andrea J. Hinerman

Lawyer Disciplinary Counsel
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

March 31, 2017

Tashema D. Smith -1 #3508768
Western Regional Jail
1 O'Hanlon Place
Barboursville, West Virginia  25504

Re:     *Legal Ethics Complaint against Nicholas E. Mayo, Esquire*
        *WV State Bar No. 10539*
        *I.D. No. 17-09-129*

Dear Ms. Smith:

This letter is to advise you that the complaint you filed against Respondent Nicholas E. Mayo, Esquire, has been received and reviewed by this office.

Mr. Mayo represented you in a criminal matter. Your complaint alleges that Mr. Mayo has not filed a motion to dismiss the charges pending against you, and that you wish for Mr. Mayo to succeed in having your criminal case dismissed.

Although your dissatisfaction with Mr. Mayo's representation is understandable, that dissatisfaction, by itself, does not equate to a violation of the Rules of Professional Conduct. Under Rule 2.1 of the West Virginia Rules of Professional Conduct, a lawyer is permitted to exercise independent professional judgment. This means that Mr. Mayo can make decisions regarding legal strategy, such as which issues to raise and which motions to file, based upon his knowledge of the law and other considerations. Reasonable decisions regarding legal strategy do not constitute a violation of the Rules of Professional Conduct.

Accordingly, it has been determined that your complaint against Mr. Mayo does not constitute a violation of the Rules of Professional Conduct and this complaint will not be docketed and will be closed without further action. Mr. Mayo was not required to respond to this complaint.

Tashema D. Smith
March 31, 2107
Page 2


However, if you disagree with the findings set forth by Disciplinary Counsel in this letter, please submit your written statement setting forth the reason for your objection and this matter will be presented at an upcoming meeting of the Investigative Panel of the Lawyer Disciplinary Board for review.

Please be aware that under Rule 2.6 of the Rules of Lawyer Disciplinary Procedure, the Office of Disciplinary Counsel may release information confirming the existence of a complaint. Pursuant to *Daily Gazette Co., Inc. v. Committee on Legal Ethics*, 174 W. Va. 359, 326 S.E.2d 705 (1985), all closed complaints, including this one, are placed in a file which is accessible to the public.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel


JMVK/ems

cc:   Nicholas E. Mayo, Esquire
      (enc.: copy of complaint)

OFFICE OF LAWYER DISCIPLINARY COUNSEL

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

June 1, 2017

Ms. Tashema D. Smith
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25704

      **Re:**    *Complaint against Dwight J. Staples, Esquire*
                     *I.D. No. 17-09-128*

Dear Ms. Smith:

    At its May 30, 2017 meeting, the Investigative Panel considered your appeal of the closing of the above-referenced ethics complaint. After a review of this matter, the Investigative Panel voted not to reopen your complaint. A copy of the Order is enclosed. This matter is now concluded in our office.

                              Sincerely,

                              Joanne M. Vella Kirby
                              Lawyer Disciplinary Counsel

JMVK/ems

Enclosure

cc:     Dwight J. Staples, Esquire  (w/enc.)

STATE OF WEST VIRGINIA
## OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

Chief Lawyer Disciplinary Counsel
  Rachael L. Fletcher Cipoletti
Senior Lawyer Disciplinary Counsel
  Andrea J. Hinerman

Lawyer Disciplinary Counsel
  Renée N. Frymyer
  Jessica H. Donahue Rhodes
  Joanne M. Vella Kirby

June 1, 2017

Tashema D. Smith
Western Regional Jail
1 O'Hanlon Place
Barboursville, WV 25504

Re:    *Complaint against Nicholas E. Mayo, Esquire*
        *I.D. No. 17-09-129*

Dear Ms. Smith:

At its May 30, 2017 meeting, the Investigative Panel considered your appeal of the closing of the above-referenced ethics complaint. After a review of this matter, the Investigative Panel voted not to reopen your complaint. A copy of the Order is enclosed. This matter is now concluded in our office.

Sincerely,

*Joanne M. Vella Kirby*

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

Enclosure

cc:    Nicholas E. Mayo, Esquire  (w/enc.)

STATE OF WEST VIRGINIA
## OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

June 1, 2017

Ms. Tashema D. Smith
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25704

> **Re:**   ***Complaint against Dwight J. Staples, Esquire***
> ***I.D. No. 17-09-128***

Dear Ms. Smith:

At its May 30, 2017 meeting, the Investigative Panel considered your appeal of the closing of the above-referenced ethics complaint. After a review of this matter, the Investigative Panel voted not to reopen your complaint. A copy of the Order is enclosed. This matter is now concluded in our office.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

Enclosure

cc:   Dwight J. Staples, Esquire  (w/enc.)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

June 1, 2017

Ms Toshema D/ Smith
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25701

Re:   *Complaint against William L. Redd, Esquire*
      *I.D. No. 17-09-127*

Dear Ms. Smith:

At its May 30, 2017 meeting, the Investigative Panel considered your appeal of the closing of the above-referenced ethics complaint. After a review of this matter, the Investigative Panel voted not to reopen your complaint. A copy of the Order is enclosed. This matter is now concluded in our office.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

Enclosure

cc:   William L. Redd, Esquire  (w/enc.)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website:  www.wvodc.org

Chief Lawyer Disciplinary Counsel
Rachael L. Fletcher Cipoletti
Senior Lawyer Disciplinary Counsel
Andrea J. Hinerman

Lawyer Disciplinary Counsel
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

April 20, 2017

Ms.Tashema D. Smith #3508768
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25704

Re:    *Complaint against Dwight J. Staples, Esquire*
       *I.D. No. 17-09-128*

Dear Ms. Smith:

I am in receipt of your recent correspondence, and I am treating the same as an objection to the dismissal pursuant to Rule 2.4(b)(1) of the Rules of Lawyer Disciplinary Procedure. This matter will be placed on the agenda of the May 20, 2017 meeting of the Investigative Panel of the Lawyer Disciplinary Board and will be reviewed by all members of the Panel. The Panel consists of both lawyer and non-lawyer members. You will be notified in writing of their decision. The documents filed with your complaint will also be available for the Investigative Panel to review. If you have any additional documents you wish to have considered, please provide them as soon as possible.

By copy of this letter I am notifying Respondent of the appeal. The Respondent may send a response if desired, but no further response is required at this time.

Sincerely,

*Joanne M. Vella Kirby*

Joanne M.Vella Kirby
Lawyer Disciplinary Counsel

JVK/ems

Dwight J. Staples, Esquire  (enc.: copy of Complainant's letter)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

April 20, 2017

Ms. Tashema D. Smith
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25704

     **Re:**    *Complaint against William L. Redd, Esquire*
           *I.D. No. 17-09-127*

Dear Ms. Smith:

    I am in receipt of your recent correspondence, and I am treating the same as an objection to the dismissal pursuant to Rule 2.4(b)(1) of the Rules of Lawyer Disciplinary Procedure. This matter will be placed on the agenda of the May 20, 2017 meeting of the Investigative Panel of the Lawyer Disciplinary Board and will be reviewed by all members of the Panel. The Panel consists of both lawyer and non-lawyer members. You will be notified in writing of their decision. The documents filed with your complaint will also be available for the Investigative Panel to review. If you have any additional documents you wish to have considered, please provide them as soon as possible.

    By copy of this letter I am notifying Respondent of the appeal. The Respondent may send a response if desired, but no further response is required at this time.

                    Sincerely,

                    *Joanne M. Vella Kirby*

                    Joanne M. Vella Kirby
                    Lawyer Disciplinary Counsel

JMVK/ems

cc:    William L. Redd, Esquire  (enc.: copy of Complainant's letter)

Tashema D. Smith
March 31, 2017
Page 2

However, if you disagree with the findings set forth by Disciplinary Counsel in this letter, please submit your written statement setting forth the reason for your objection and this matter will be presented at an upcoming meeting of the Investigative Panel of the Lawyer Disciplinary Board for review.

Please be aware that under Rule 2.6 of the Rules of Lawyer Disciplinary Procedure, the Office of Disciplinary Counsel may release information confirming the existence of a complaint. Pursuant to *Daily Gazette Co., Inc. v. Committee on Legal Ethics*, 174 W. Va. 359, 326 S.E.2d 705 (1985), all closed complaints, including this one, are placed in a file which is accessible to the public.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

cc:   William L. Redd, Esquire
       (enc.: copy of complaint)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

Chief Lawyer Disciplinary Counsel
  Rachael L. Fletcher Cipoletti
Senior Lawyer Disciplinary Counsel
  Andrea J. Hinerman

Lawyer Disciplinary Counsel
  Renée N. Frymyer
  Jessica H. Donahue Rhodes
  Joanne M. Vella Kirby

April 20, 2017

Ms. Tashema D. Smith #3508768
Western Regional Jail
1 O'Hanlon Place
Barboursville, WV 25504

Re:    *Complaint against Nicholas E. Mayo, Esquire*
       *I.D. No. 17-09-129*

Dear Ms. Smith:

I am in receipt of your recent correspondence, and I am treating the same as an objection to the dismissal pursuant to Rule 2.4(b)(1) of the Rules of Lawyer Disciplinary Procedure. This matter will be placed on the agenda of the May 20, 2017 meeting of the Investigative Panel of the Lawyer Disciplinary Board and will be reviewed by all members of the Panel. The Panel consists of both lawyer and non-lawyer members. You will be notified in writing of their decision. The documents filed with your complaint will also be available for the Investigative Panel to review. If you have any additional documents you wish to have considered, please provide them as soon as possible.

By copy of this letter I am notifying Respondent of the appeal. The Respondent may send a response if desired, but no further response is required at this time.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

cc:    Nicholas E. Mayo, Esquire  (enc.: copy of Complainant's letter)

STATE OF WEST VIRGINIA
## OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

May 03, 2017

Ms. Tashema D. Smith
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25704

**Re:**  *Complaint against Dwight J. Staples, Esquire*
*I.D. No. 17-09-128*

Dear Ms. Smith:

Please be advised that the Investigative Panel meeting that was set for May 20, 2017, has been rescheduled to May 30, 2017. Your appeal will be reviewed by the Panel at that time, and you will be notified in writing of the decision made thereon.

Sincerely,

*Joanne M. Vella Kirby*

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

cc:    Dwight J. Staples, Esquire  (enc.: copy of Complainant's letter)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

| | |
|---|---|
| **Chief Lawyer Disciplinary Counsel** | **Lawyer Disciplinary Counsel** |
| Rachael L. Fletcher Cipoletti | Renée N. Frymyer |
| **Senior Lawyer Disciplinary Counsel** | Jessica H. Donahue Rhodes |
| Andrea J. Hinerman | Joanne M. Vella Kirby |

March 31, 2017

Ms. Tashema D. Smith  DOC # -1 #3508768
Western Regional Jail
One O'Hanlon Place
Barboursville, West Virginia  25701

> **Re:** ***Legal Ethics Complaint against Dwight J. Staples, Esquire***
> ***WV State Bar No. 3566***
> ***I.D. No. 17-09-128***

Dear Ms. Smith:

This letter is to advise you that the complaint you filed against Respondent Dwight J. Staples, Esquire, has been received and reviewed by this office.

You filed the instant complaint against Mr. Staples, in which you appear to allege that Mr. Staples has not represented you regarding issues resulting from your abusive relationship. Your complaint is far too vague and I am unable to discern what actions you believe Respondent has taken that amount to a violation of the Rules of Professional Conduct.

Accordingly, it has been determined that your complaint against Mr. Staples does not constitute a violation of the Rules of Professional Conduct and this complaint will not be docketed and will be closed without further action. Mr. Staples was not required to respond to this complaint.

However, if you disagree with the findings set forth by Disciplinary Counsel in this letter, please submit your written statement setting forth the reason for your objection and this matter will be presented at an upcoming meeting of the Investigative Panel of the Lawyer Disciplinary Board for review.

Tashema D. Smith
March 31, 2017
Page 2


Please be aware that under Rule 2.6 of the Rules of Lawyer Disciplinary Procedure, the Office of Disciplinary Counsel may release information confirming the existence of a complaint. Pursuant to *Daily Gazette Co., Inc. v. Committee on Legal Ethics*, 174 W. Va. 359, 326 S.E.2d 705 (1985), all closed complaints, including this one, are placed in a file which is accessible to the public.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

cc:   Dwight J. Staples, Esquire
      (enc.: copy of complaint)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website:  www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

March 31, 2017

Tashema D. Smith - #3508768
Western Regional Jail
1 O'Hanlon Place
Barboursville, West Virginia  25504

> **Re:** *Legal Ethics Complaint against Nicholas E. Mayo, Esquire*
> *WV State Bar No. 10539*
> *I.D. No. 17-09-129*

Dear Ms. Smith:

This letter is to advise you that the complaint you filed against Respondent Nicholas E. Mayo, Esquire, has been received and reviewed by this office.

Mr. Mayo represented you in a criminal matter. Your complaint alleges that Mr. Mayo has not filed a motion to dismiss the charges pending against you, and that you wish for Mr. Mayo to succeed in having your criminal case dismissed.

Although your dissatisfaction with Mr. Mayo's representation is understandable, that dissatisfaction, by itself, does not equate to a violation of the Rules of Professional Conduct. Under Rule 2.1 of the West Virginia Rules of Professional Conduct, a lawyer is permitted to exercise independent professional judgment. This means that Mr. Mayo can make decisions regarding legal strategy, such as which issues to raise and which motions to file, based upon his knowledge of the law and other considerations. Reasonable decisions regarding legal strategy do not constitute a violation of the Rules of Professional Conduct.

Accordingly, it has been determined that your complaint against Mr. Mayo does not constitute a violation of the Rules of Professional Conduct and this complaint will not be docketed and will be closed without further action. Mr. Mayo was not required to respond to this complaint.

Tashema D. Smith
March 31, 2107
Page 2


However, if you disagree with the findings set forth by Disciplinary Counsel in this letter, please submit your written statement setting forth the reason for your objection and this matter will be presented at an upcoming meeting of the Investigative Panel of the Lawyer Disciplinary Board for review.

Please be aware that under Rule 2.6 of the Rules of Lawyer Disciplinary Procedure, the Office of Disciplinary Counsel may release information confirming the existence of a complaint. Pursuant to *Daily Gazette Co., Inc. v. Committee on Legal Ethics*, 174 W. Va. 359, 326 S.E.2d 705 (1985), all closed complaints, including this one, are placed in a file which is accessible to the public.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

cc:    Nicholas E. Mayo, Esquire
       (enc.: copy of complaint)

OFFICE OF LAWYER DISCIPLINARY COUNSEL

STATE OF WEST VIRGINIA
## OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

*Lawyer Disciplinary Counsel*
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

June 1, 2017

Ms. Tashema D. Smith
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25704

Re:     *Complaint against Dwight J. Staples, Esquire*
        *I.D. No. 17-09-128*

Dear Ms. Smith:

At its May 30, 2017 meeting, the Investigative Panel considered your appeal of the closing of the above-referenced ethics complaint. After a review of this matter, the Investigative Panel voted not to reopen your complaint. A copy of the Order is enclosed. This matter is now concluded in our office.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

Enclosure

cc:     Dwight J. Staples, Esquire  (w/enc.)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

Chief Lawyer Disciplinary Counsel
  Rachael L. Fletcher Cipoletti
Senior Lawyer Disciplinary Counsel
  Andrea J. Hinerman

Lawyer Disciplinary Counsel
  Renée N. Frymyer
  Jessica H. Donahue Rhodes
  Joanne M. Vella Kirby

June 1, 2017

Tashema D. Smith
Western Regional Jail
1 O'Hanlon Place
Barboursville, WV 25504

      Re:    *Complaint against Nicholas E. Mayo, Esquire*
            *I.D. No. 17-09-129*

Dear Ms. Smith:

    At its May 30, 2017 meeting, the Investigative Panel considered your appeal of the closing of the above-referenced ethics complaint. After a review of this matter, the Investigative Panel voted not to reopen your complaint. A copy of the Order is enclosed. This matter is now concluded in our office.

              Sincerely,

              Joanne M. Vella Kirby
              Lawyer Disciplinary Counsel

JMVK/ems

Enclosure

cc:    Nicholas E. Mayo, Esquire  (w/enc.)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

Chief Lawyer Disciplinary Counsel
  Rachael L. Fletcher Cipoletti
Senior Lawyer Disciplinary Counsel
  Andrea J. Hinerman

Lawyer Disciplinary Counsel
  Renée N. Frymyer
  Jessica H. Donahue Rhodes
  Joanne M. Vella Kirby

June 1, 2017

Ms. Tashema D. Smith
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25704

     **Re:**   *Complaint against Dwight J. Staples, Esquire*
           *I.D. No. 17-09-128*

Dear Ms. Smith:

At its May 30, 2017 meeting, the Investigative Panel considered your appeal of the closing of the above-referenced ethics complaint. After a review of this matter, the Investigative Panel voted not to reopen your complaint. A copy of the Order is enclosed. This matter is now concluded in our office.

Sincerely,

Joanne M. Vella Kirby
Lawyer Disciplinary Counsel

JMVK/ems

Enclosure

cc:   Dwight J. Staples, Esquire  (w/enc.)

STATE OF WEST VIRGINIA
# OFFICE OF LAWYER DISCIPLINARY COUNSEL
CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website:  www.wvodc.org

**Chief Lawyer Disciplinary Counsel**
Rachael L. Fletcher Cipoletti
**Senior Lawyer Disciplinary Counsel**
Andrea J. Hinerman

**Lawyer Disciplinary Counsel**
Renée N. Frymyer
Jessica H. Donahue Rhodes
Joanne M. Vella Kirby

June 1, 2017

Ms Toshema D/ Smith
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25701

      **Re:**   *Complaint against William L. Redd, Esquire*
              *I.D. No. 17-09-127*

Dear Ms. Smith:

    At its May 30, 2017 meeting, the Investigative Panel considered your appeal of the closing of the above-referenced ethics complaint. After a review of this matter, the Investigative Panel voted not to reopen your complaint. A copy of the Order is enclosed. This matter is now concluded in our office.

                    Sincerely,

                    Joanne M. Vella Kirby
                    Lawyer Disciplinary Counsel

JMVK/ems

Enclosure

cc:    William L. Redd, Esquire  (w/enc.)

STATE OF WEST VIRGINIA
## OFFICE OF LAWYER DISCIPLINARY COUNSEL
### CITY CENTER EAST
SUITE 1200C
4700 MacCORKLE AVENUE, SE
CHARLESTON, WEST VIRGINIA 25304
Office: (304) 558-7999
Fax: (304) 558-4015
Website: www.wvodc.org

Chief Lawyer Disciplinary Counsel
  Rachael L. Fletcher Cipoletti
Senior Lawyer Disciplinary Counsel
  Andrea J. Hinerman

Lawyer Disciplinary Counsel
  Renée N. Frymyer
  Jessica H. Donahue Rhodes
  Joanne M. Vella Kirby

April 20, 2017

Ms. Tashema D. Smith #3508768
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25704

    Re:    ***Complaint against Dwight J. Staples, Esquire***
           ***I.D. No. 17-09-128***

Dear Ms. Smith:

    I am in receipt of your recent correspondence, and I am treating the same as an objection to the dismissal pursuant to Rule 2.4(b)(1) of the Rules of Lawyer Disciplinary Procedure. This matter will be placed on the agenda of the May 20, 2017 meeting of the Investigative Panel of the Lawyer Disciplinary Board and will be reviewed by all members of the Panel. The Panel consists of both lawyer and non-lawyer members. You will be notified in writing of their decision. The documents filed with your complaint will also be available for the Investigative Panel to review. If you have any additional documents you wish to have considered, please provide them as soon as possible.

    By copy of this letter I am notifying Respondent of the appeal. The Respondent may send a response if desired, but no further response is required at this time.

    Sincerely,

    *Joanne M. Vella Kirby*

    Joanne M. Vella Kirby
    Lawyer Disciplinary Counsel

JMVK/ems

cc:    Dwight J. Staples, Esquire  (enc.: copy of Complainant's letter)

# BEFORE THE INVESTIGATIVE PANEL
## OF THE
## LAWYER DISCIPLINARY BOARD
## STATE OF WEST VIRGINIA

**I.D. No.:**  17-09-128

**Date Complaint Received:** March 23, 2017

**Date Complaint Closed:**  March 31, 2017

**COMPLAINANT:**   Tashema D. Smith

**RESPONDENT:**   Dwight J. Staples, Esquire

**Bar No.:**  3566

## ORDER

This matter came on for deliberation by the Full Investigative Panel of the Lawyer Disciplinary Board at its meeting held on May 30, 2017. _____ was recused from deliberation on this matter.  After due consideration of this matter, the Panel voted 7-0, with a quorum being present, to:

___X___   Affirm the closing as ordered by the Chief Lawyer Disciplinary Counsel or Office of Disciplinary Counsel pursuant to Rule 2.4(b) of the Rules of Lawyer Disciplinary Procedure;

_____   Direct Disciplinary Counsel to place the complaint back on the open case docket, notify Respondent, and investigate further; or

_____   Other _____

**ORDERED** on the 30th day of May, 2017 and **ENTERED** this 31st day of May, 2017.

_____
Robby J. Aliff, Chairperson
Investigative Panel
Lawyer Disciplinary Board

A0070298.WPD



---

# Inquiry

For 3508768: Tashema Smith WRJ B 1 14 - A on 6/19/2017 10:50:46 AM
Dates and Times are presented in Eastern Time (US & Canada)

Last Assigned to:        Counselor Wallace on 6/19/2017 11:18:41 AM

Last Status:             Submitted by 3508768: Tashema Smith on 6/19/2017 10:50:46 AM

please send me paperwork to take care of legal issues and notorize these papers for me please

*Submitted by 3508768: Tashema Smith WRJ B 1 14 - A  on 6/19/2017 10:50:46 AM*

(2) Copies of 1st page

17.1) Tashena P Smith was not properly represented due to third party interference and as a result has suffered tremendously and is left disabled and without counsel,

2) I feel the Supreme Court Should review the issue because they are the Court with jurisdiction and they can end this heinous, destructive, unnecessary cycle and watch that has Tashena Smith's life turned upside down even though she is a citizen and has rights that are protected under the Constitution of the United States



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Tonya Burdette
Western Regional Jail
One O'Hanion Place
Barboursville, WV 25504
My Commission Expires August 10, 2021

Tanya Burdette
6-21-17

Tashena Smith

The double standards are lies told are
punished while being lied to is always
over-looked. When will the hypocrisy be
judged fairly so I will stand a chance for
crying out loud. My recovery, healing, reunification,
career, education, and livelihood has been affected
by it.

16. Will unable to obtain necessary documents due to current legal situation, health, counsel, and third party interference

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Tanya Burdette
Western Regional Jail
One O'Hanlon Place
Barboursville, WV 25504
My Commission Expires August 10, 2021

Tanya Burdette
6-21-2017

Need New
Work +
Conflict of Interest

## Disability Rights of WV Client Grievance Procedure

The purpose of DRWV's grievance procedure is to provide a system for resolving complaints concerning denial of services or the quality of services.

<u>General</u>

- All steps may be done orally or in writing.

- You are encouraged to begin your complaint at Step 1; however, if you do not wish to do so, you may begin at Step 2.

- It is the responsibility of DRWV to keep a written record of all grievances received and action taken on grievances.

- You have the right to have someone help you with this grievance process.

## **The grievance procedure is as follows:**

**Step 1:**  Discuss your complaint or grievance with the DRWV employee assigned to assist you.  The employee will respond in writing to you within <u>5 business days</u> of your discussion.

**Step 2:**  If you are not satisfied with the employee's response, contact the employee's supervisor within <u>15 business days</u> of the employee's response.  The supervisor will respond to your complaint in writing within <u>10 business days</u> of when your complaint is received.

**Step 3:**  If you are not satisfied with the supervisor's response you may take your grievance to the Executive Director within <u>15 business days</u> of receiving the written response.  The Executive Director will respond to your complaint in writing within <u>10 business days</u> of when your complaint is received.

**Step 4:**  If you are not satisfied with the Executive Director's response, you must notify the Executive Director within <u>15 business days</u> that you wish to file a grievance with the DRWV Board of Directors (BOD).  The Executive Director must notify the President of DRWV's BOD in writing within <u>5 business days</u> of receiving your complaint that a grievance is being filed with the BOD and send a copy to you.

The Executive Committee of DRWV's BOD is responsible to appoint an ad hoc Grievance Committee to investigate your grievance and responses to it.  After review, the Grievance Committee will provide its decision to DRWV's BOD for consideration and action.  The BOD President will respond to you in writing within <u>30 business days</u> of receiving your grievance from the Executive Director. The decision of the BOD is final.