IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TASHEMA D. SMITH,**

      **Plaintiff,**

v.                                                                                          Case No. 3:17-cv-04421

**EMPLOYEES who had dealings
with her case and situation involving
CITY OF HUNTINGTON, STATE of
WEST VIRGINIA, CABELL COUNTY
COMMISSION, FEDERAL BRANCHES
and any and all institutes that were
involved with these departments,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMENDATIONS

Pending before the Court are Plaintiff Tashema D. Smith's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and her *pro se* Complaint. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), **DISMISS** the complaint, without prejudice, (ECF No. 1); and **REMOVE** this action from the docket of the Court.

1

I. **Relevant Procedural Background**

On November 20, 2017, Plaintiff initiated the instant action after having a similar action dismissed for failure to state a claim. *See Smith v. City of Huntington,* No. 3:17-cv-03806, 2017 WL 5180437 (S.D.W. Va. Nov. 8, 2017). In both the predecessor case and this case, Plaintiff alleges that she was and is the victim of harassment by a variety of unnamed people, and the harassment has lasted over an extended, but unspecified, period of time. In the current action, Plaintiff also asserts violations of 18 U.S.C. § 1514(c)(1) and 15 U.S.C. § 1692d(2). (ECF No. 1 at 3-5). Plaintiff supplies extensive documentation, which is attached to her complaint. (*Id.* at 7-63). While the documentation provides insight into Plaintiff's medical issues and past difficulties with legal representation, it does not shed light on the factual underpinnings of Plaintiff's core claim.

II. **Screening Standard of Review**

In examining Plaintiff's complaint, the undersigned applies the screening standard of review. Title 28 U.S.C. § 1915(e)(2)(B) requires the district court to screen each complaint in which a person seeks to proceed *in forma pauperis* and dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A case is "frivolous" if it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an "indisputably meritless legal theory," *Denton v. Hernandez,* 504 U.S. 25, 32 (1992), and it lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Moreover, allegations that are irrational, fanciful, or outlandish can be disregarded; a complaint that relies on such allegations may be dismissed as factually frivolous. *Denton,* 504 U.S. at 32-33.

Similarly, a complaint fails to state a compensable claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court explained the "plausibility" standard in *Ashcroft v. Iqbal,* stating:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted). Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2d Cir. 2007))*.* While the Court is required to accept as true the factual allegations asserted in the complaint, it is not required to accept the legitimacy of legal conclusions that are "couched as ... factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S at 555).

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  Relevant Legal Principles and Procedural Rules

Plaintiff relies on two federal statutes in support of her claim. First, Plaintiff asserts that she is the victim of harassment and seeks to end the harassment under 18 U.S.C. § 1514. Title 18 U.S.C. § 1514 provides for the filing of a civil action to restrain a particular individual or individuals from harassing a victim or witness. According to the statute, the civil action must be instituted by an attorney for the Government and must include specific facts demonstrating that there are reasonable grounds to believe that a victim or witness in a Federal criminal case is being harassed, or that an order is necessary to prevent witness tampering as outlined in 18 U.S.C. § 1512. *See* 18 U.S.C. § 1514(a)(1).

Plaintiff also relies upon 15 U.S.C. § 1692d as a basis for relief. Title 15 U.S.C. § 1692d, which is found in the Federal Fair Debt Collection Practices Act ("FDCPA"), prohibits a debt collector from engaging in practices that "harass, oppress, or abuse" any person in connection with the collection of a debt. The statute outlines specific acts that violate fair debt collection practices; for example, making threats of violence, using obscene or profane language, and placing repeated and continuous telephone calls designed to annoy, abuse, or harass the recipient. 15 U.S.C. § 1692d (1)-(5).

In addition to the statutes underlying Plaintiff's complaint, federal procedural rules govern the manner in which the complaint must be presented. Federal Rule of Civil Procedure 8(a) sets forth the key elements of a complaint. According to the Rule, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction [absent an exception] ... a short and plain statement of the claim showing that the pleader is entitled to relief ... and a demand for the relief sought ...." Fed. R. Civ. P 8(a).

Having considered the relevant statutes, the procedural rule, the screening

standard of review, and the allegations in the complaint, the undersigned **FINDS** that Plaintiff fails to state a claim that is plausible on its face. Therefore, the complaint should be dismissed.

### IV. <u>Discussion</u>

Beginning with the case caption, Plaintiff fails to identify any defendant in this action. Instead, she names as defendants "employees who had dealings with her case and situation" involving the "City of Huntington, State of West Virginia, Cabell County Commission, Federal Branches, and any and all entities that were involved with these departments." (ECF No. 1 at 1). Plaintiff apparently expects the Court to contact these governmental entities, as well as contacting Legal Aid, Branches domestic violence shelter, the Huntington Housing Authority, the West Virginia Department of Health and Human Resources, the West Virginia Human Rights Commission, the Equal Employment Opportunity Commission in Pennsylvania, Link, and Marshall University to identify prospective defendants and to uncover facts and witnesses supportive of her otherwise nebulous claim. (*Id.* at 5-6). Obviously, and for good reason, judicial officers are precluded from performing investigative tasks for the purpose of assisting a party in developing its case.

With respect to the body of Plaintiff's complaint, no factual or legal grounds are stated to support a claim under 18 U.S.C. § 1514 or 15 U.S.C. § 1692d. Plaintiff is not an attorney for the Government authorized to bring an action under 18 U.S.C. § 1514. Moreover, she does not identify any pending federal criminal case and does not allege that she is a witness or victim in such a proceeding. Although 18 U.S.C. § 1514 addresses harassment, it is essentially a criminal statute with no associated private cause of action. *See Bey ex. rel. Graves v. Richmond Redevelopment and Housing Authority,* No.

3:13CV464-HEH, 2013 WL 4066945, at *4 (E.D. Va. Aug. 9, 2013) (citing *McClure v. Menard Correctional Center,* No. 11–cv–984–JPG, 2012 WL 3062235, at *4 (S.D.Ill. July 26, 2012) ("18 U.S.C. § 1514 provides a mechanism for protecting a victim or witness in a Federal *criminal* case, not a civil rights action."). Consequently, even if Plaintiff were a witness or victim in a federal criminal case, she could not prosecute a cause of action under 18 U.S.C. § 1514.

Similarly, in order to maintain a claim under 15 U.S.C. § 1692d, Plaintiff "must sufficiently allege that (1) [s]he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011) (citing *Dikun v. Streich,* 369 F.Supp.2d 781, 784–85 (E.D.Va.2005)). None of the documents submitted by Plaintiff discuss a consumer debt or mention debt collection activities. To the contrary, most of the materials supplied by Plaintiff involve prior incarcerations, alleged negligent or inadequate medical treatment, and unsatisfactory legal services. Nothing in the documentation, even when parts are cobbled together, can be interpreted to state a claim under the FDCPA.

While *pro se* complaints are entitled to liberal construction, the Court "is not obliged to ferret through a complaint in search of viable claims" and "may dismiss a complaint that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Greene v. Obama*, No. CV RDB-15-658, 2015 WL 13055577, at *1–2 (D. Md. Mar. 25, 2015), *reconsideration denied,* No. CV RDB-15-658, 2015 WL 13055514 (D. Md. Sept. 17, 2015), *aff'd,* 633 F. App'x 196 (4th Cir. 2016) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). "The requirement of liberal

6

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court." *Green v. Sumter Court*, No. CA 3:07-1570-JFA-BM, 2007 WL 2022199, at *1 (D.S.C. July 9, 2007) (citing *Weller v. Department of Social Servs.,* 901 F.2d 387 (4th Cir.1990)). Even when construing the allegations of Plaintiff's complaint in the light most favorable to her, the complaint fails to state a plausible cause of action.

## V. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED**;

2. Plaintiff's complaint, (ECF Nos. 1) be **DISMISSED** for failure to state a claim; and

3. This action be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute

7

a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** February 14, 2018

Cheryl A. Eifert
United States Magistrate Judge