# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

TASHEMA D. SMITH,

                Plaintiff,

v.                                 CIVIL ACTION NO.   3:17-4421

EMPLOYEES who had dealings
with her case and situation involving
CITY OF HUNTINGTON, STATE of
WEST VIRGINIA, CABELL COUNTY
COMMISSION, FEDERAL BRANCHES
and any and all institutes that were
involved with these departments,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding pro se, filed her Complaint on November 20, 2017. ECF No. 1. After consideration of Defendant's Motion, Magistrate Judge Cheryl A. Eifert filed the present Proposed Findings and Recommendation (PF&R) on February 14, 2018, in which she recommends that Defendant's Complaint be dismissed without prejudice. ECF No. 7. For the following reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R.

## I.      Background

In the present Complaint, Plaintiff alleges that she suffered injuries as a result of the harassment of "employees who had dealings with [Plaintiff's] case and situation involving [the] City of Huntington, State of West Virginia, Cabell [sic] County Commission, Federal Branches and any and all institutes [sic] that were involved with these departments." ECF No. 1. Plaintiff also recites two federal statutes in her Complaint – 18 U.S.C. § 1514 and 15 U.S.C. § 162d. *Id.*

Because the Magistrate Judge undertook the complaint screening process after the Complaint was filed, no summons were issued.

After considering Plaintiff's Complaint, the Magistrate Judge found that Plaintiff has failed to state a claim that is plausible on its face. ECF No. 7. Accordingly, the Magistrate Judge recommends that this Court dismiss Plaintiff's Complaint. *Id*.

## II. Standards of Review

### a. Standard of Review of PF&R

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### b. Screening Standard of Review

Pursuant to 28 U.S.C. § 1915(e), where a plaintiff seeks to proceed *in forma pauperis*, the Court is required to screen that plaintiff's complaint and to dismiss the case if the complaint "fails to state a claim upon which relief may be granted." In order to sufficiently state a claim upon which relief can be granted, the Complaint must include "a short and plain statement of [a] claim" showing that the plaintiff "is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim asserted in that statement must be "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.    Discussion

As a preliminary matter, the Court notes that Plaintiff's objections to the present PF&R do not specifically identify the portion of the proposed findings or recommendations to which Plaintiff objects. As noted above, the Court is required to consider de novo only those portions of the PF&R to which objection is made. Plaintiff's filed objection does not even mention the Magistrate Judge's findings or recommendations, but instead simply reasserts the allegations as set forth in the Complaint. *See* ECF No. 8. As the Magistrate Judge's overarching finding is that Plaintiff has failed to state a plausible claim, the Court will liberally construe Plaintiff's objection as an objection to this finding.

Upon careful review of Plaintiff's Complaint, ECF No. 1, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. First, Plaintiff failed to provide any factual basis for her claims. She alleges several times over that she has been harassed, but she fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation omitted). Not only does Plaintiff not provide the Court with that requisite factual content, she additionally fails to identify any specific person or entity against whom she asserts her claims. Without a plausible factual basis for Plaintiff's claims and without a specific person or entity against whom the claims are brought, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, it must be dismissed at this time.

## IV.    Conclusion

For the reasons stated above, the Court **ADOPTS AND INCORPORATES** the Magistrate Judge's PF&R. ECF No. 7. Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**.

Accordingly, her Application to Proceed Without Prepayment of Fees and Costs, ECF No. 1, is also **DISMISSED**. The Court **DIRECTS** the Clerk to remove this action from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        July 20, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE